# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JILL BRAXTON,
               Appellant,

        v.

DEPARTMENT OF THE TREASURY,
               Agency.

DOCKET NUMBER
CH-0752-11-0318-B-2

DATE: January 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jill Braxton, Farmington Hills, Michigan, pro se.

Jill B. Lubetsky, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        Effective October 17, 2010, the agency removed the appellant, a GS-5 Information Technology employee with 30 years of federal service, for failure to follow managerial directives, engaging in inappropriate, unprofessional, and/or disrespectful conduct, and failure to comply with security procedures. *See Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 2 (2013). The appellant appealed the agency's action, and the administrative judge dismissed the appeal as untimely filed. *Id*., ¶ 4. On petition for review, the Board found that it could not determine from the medical evidence submitted whether the employee's mental condition affected her ability to timely file her appeal or whether she exercised due diligence in filing the appeal after she first became aware of her right to do so, i.e., whether she established good cause for the untimely filing of her appeal. *Id*., ¶ 9. The Board found that the appellant was entitled to a timeliness hearing and remanded the appeal.[2] *Id*., ¶¶ 11-12.

¶3        On remand, the administrative judge issued an order setting a date for a prehearing conference and providing the opportunity for prehearing submissions on the timeliness issue. Remand Appeal File (RAF), Tab 2. The appellant failed to appear for the prehearing conference or the hearing and, after the appellant failed to appear for the hearing, the administrative judge provided the appellant 5 days to show good cause why the appeal should not be dismissed. RAF, Tabs 5, 14. The administrative judge found that the appellant's response to the show cause order, that she was awaiting further information in regard to representation, was insufficient to show good cause for her repeated failures to comply with Board orders. RAF, Tab 16, Remand Initial Decision (RID) at 4. The administrative judge found that the appellant had demonstrated bad faith and a failure to prosecute that justified dismissing her appeal. RID at 4. The remand

---

[2] The record on remand reflects that the Office of Personnel Management granted the appellant's application for disability retirement on April 16, 2012. Remand Appeal File, Tab 5.

initial decision informed the appellant that it would become final on September 18, 2013, unless a petition for review was filed by that date.  RID at 5.

¶4        The appellant filed a petition for review of the RID on August 6, 2014. Remand Petition for Review (RPFR) File, Tabs 1-4.  Thus, the appellant's petition for review was untimely filed by more than 10 months.  The Clerk of the Board issued an acknowledgment letter affording the appellant an opportunity to submit a motion to accept the filing as timely, and/or to waive the time limit for good cause, and enclosed a "Motion to Accept Filing as Timely or to Waive Time Limit" form.  RPFR File, Tab 5.  The acknowledgment letter informed the appellant that a motion must be postmarked if mailed or sent by facsimile on or before August 21, 2014.  *Id*.  The appellant filed a timely response in which she stated "I plead the Fifth Amendment."  RPFR File, Tab 7.  Subsequently, the appellant filed what appears to be a reply to the agency's response to the petition for review in which she states, among other things, that she "refuse[s] to participate in the MSPB process any further."  RPFR File, Tab 12 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt.  5 C.F.R. § 1201.114(e). Here, the appellant has not alleged that the initial decision was received more than 5 days after the date of issuance.  Accordingly, as noted, the appellant had until September 18, 2013, the 35th day following the issuance of the August 14, 2013 remand initial decision, to file a petition for review.  The appellant's August 6, 2014 petition for review was untimely filed by more than 10 months.

¶6        The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary

prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        We find that the appellant has failed to show good cause for a waiver of the filing deadline. Although the appellant is pro se, her delay in filing is lengthy. *See Gerald v. Department of the Treasury*, 114 M.S.P.R. 504, ¶ 7 (2010). Further, because no criminal prosecution formed the basis of her removal, her excuse, pleading the Fifth Amendment, does not appear to be reasonably related to her delay in filing. On petition for review, the appellant filed a blank designation of representative form. RPFR File, Tab 9. To the extent that it may be inferred from this submission that the appellant was unable to locate counsel, the Board has held that a party's inability to obtain counsel does not establish good cause for an untimely filing. *See Depierro v. U.S. Postal Service*, 54 M.S.P.R. 251, 253 (1992). Additionally, the appellant has presented no evidence or argument to show that she exercised due diligence in filing her petition, and none of the arguments and assertions made by the appellant in her "Motion to Accept Filing as Timely or to Waive Time Limit" form suggest the existence of circumstances beyond her control that affected her ability to timely file her petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007). The appellant does not allege that she was delayed in filing her petition for review due to mental health issues. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (to establish that an

5

untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing his appeal or a request for an extension of time).

¶8        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board, dismissing the appeal for failure to prosecute.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.