## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JARRELL FALAS NOWLIN,
                Appellant,

        v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
PH-0752-12-0272-I-1

DATE: April 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jarrell Falas Nowlin, Loxahatchee, Florida, pro se.

Jessica Trombetta and Nicole Colucci, Fort George G. Meade, Maryland,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        Prior to his removal, the appellant was employed as a GS-13 Executive Staff Officer with the National Security Agency (NSA), within the Department of Defense.  Initial Appeal File (IAF), Tab 8, Subtab B.  By statute, NSA employees are required to maintain a security clearance as a condition for employment.  *See* 50 U.S.C. §§ 831-835.  On January 4, 2010, the agency's Office of Personnel Security (OPS) issued a Decision Memorandum revoking the appellant's security clearance and proposing to remove him for failure to meet a mandatory condition for employment.  IAF, Tab 8, Subtab I.  The Decision Memorandum set forth the reasons for the decision, which included, among other factors, the appellant's recent criminal convictions.  *Id*.  The Chief of Security Information Management, OPS, notified the appellant of the revocation decision and proposed removal action, and provided him a copy of the Decision Memorandum and supporting documentation.  *Id*., Subtab H.  The appellant requested review by the Chief of the Adjudications Division, OPS, but the revocation was sustained on review. *Id*., Subtabs F-G. The appellant then exercised his right to an in−person final review by the agency's Access Appeals Panel.  *Id*., Subtab E.  By letter dated August 10, 2010, the Access Appeals Panel notified the appellant of its final decision to sustain the revocation of the appellant's security clearance.  *Id*., Subtab D.  Subsequently, by memorandum dated August 16, 2010, the agency informed the appellant that, as a result of the Panel's decision, he no longer met a mandatory condition of NSA employment, and would therefore be removed, effective August 30, 2010.  *Id*., Subtab B.

¶3        This appeal followed.  IAF, Tab 1.  On July 24, 2012, the administrative judge issued an initial decision sustaining the removal action.  IAF, Tab 41, Initial Decision.  The administrative judge advised the appellant that her decision would become final on August 28, 2010, unless a petition for review was filed by that date.  *Id*. at 13.

¶4     The appellant filed a petition for review on November 30, 2015. Petition for Review (PFR) File, Tab 1. Pursuant to the Clerk of the Board's instructions, the appellant filed a motion for the Board to accept the filing as timely and/or waive or set aside the time limit. PFR File, Tabs 2-3. In support of his motion, he explained that, during the week before he filed his petition for review, he obtained a copy of a background investigation report showing that his criminal convictions in the state of Maryland had been expunged or overturned. PFR File, Tab 3. He attached a copy of the background investigation report, but did not provide copies of any relevant court documents. *Id.* The agency has responded in opposition to the appellant's motion, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(d). Here, the appellant has not alleged or established that he received the initial decision more than 5 days after its issuance on July 24, 2012. PFR File, Tab 1. Thus, the appellant's petition for review, which was filed on November 30, 2015, was untimely filed by more than 3 years.

¶6     The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of

circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, Moorman *v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        The discovery of new evidence may constitute good cause for waiver of the filing deadline if the appellant shows that the evidence was not readily available before the record below closed, and that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 11, *aff'd*, 253 F. App'x 950 (2007). However, even assuming that the appellant's new evidence was not previously available despite his due diligence, it is not material to the outcome of this appeal because his removal was based on the revocation of his security clearance, not his criminal record. IAF, Tab 8, Subtab B. While the revocation decision appears to have been based in part on the appellant's criminal convictions, which he claims to have since been overturned or expunged, the Board lacks authority to review the merits of a security clearance determination. *Department of the Navy v. Egan*, 484 U.S. 518, 530−31 (1988). Consequently, the appellant's new evidence is not of sufficient weight to warrant an outcome different from the initial decision.

¶8        The appellant's remaining arguments concern the merits of his case, and do not establish good cause for the untimely filing. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010). Furthermore, while we are mindful of the appellant's pro se status, the 3-year filing delay in this case is significant. *See Wyeroski*, 106 M.S.P.R. 7, ¶ 11. Under these circumstances, we find the appellant has not shown good cause for the untimely filing of his petition for review. *Id*.

¶9        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.

*See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑ appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.