NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3259

RICHARD A. WYEROSKI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Richard A. Wyeroski, of Bayport, New York, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3259

RICHARD A. WYEROSKI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: November 7, 2007

_____

Before NEWMAN, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Richard A. Wyeroski ("Wyeroski") seeks review of a final decision of the Merit Systems Protection Board ("the Board") dismissing his petition for review as untimely filed, without good cause shown for the delay. <u>Wyeroski v. Dep't of Transp.</u>, 106 M.S.P.R. 7 (2007). Because the Board did not abuse its discretion in concluding that Wyeroski failed to show good cause for his untimely filing, we <u>affirm</u>.

The Federal Aviation Administration removed Wyeroski from his position as Aviation Safety Inspector based on various charges of misconduct. In a June 3, 2003, initial decision, an administrative judge affirmed the agency's removal action. The initial decision became final on July 8, 2003, when neither party filed a petition for review. <u>See</u> 5 C.F.R. § 1201.113.

On February 5, 2007, Wyeroski filed a request with the Board to reopen his case, alleging that newly-discovered evidence impeached the credibility of Richard Martin, the primary witness in his removal action. The Board construed Wyeroski's request as an untimely-filed petition for review and, as such, notified him that he must file a motion, supported by affidavit or statement signed under penalty of perjury, showing good cause for the delay. See 5 C.F.R. § 1201.114(f).

Wyeroski did not file a motion or sworn statement as required by § 1201.114(f). For that reason, the Board deemed his request insufficient to excuse the delay. Wyeroski, 106 M.S.P.R. at 10 ("[W]hen a party's explanation for the untimeliness of a petition for review is not submitted in the form of an affidavit or statement signed under penalty of perjury, it is insufficient to establish the assertions it contains."). Nevertheless, the Board examined Wyeroski's explanation—predicated on newly-discovered evidence—and concluded that even if sworn, it was insufficient to constitute good cause. Acknowledging that the discovery of new evidence may in some instances establish good cause, the Board reasoned that Wyeroski's proffered evidence did not. The Board so concluded because: (i) "[e]vidence offered merely to impeach a witness's credibility . . . is generally not considered new and material"; and (ii) the initial decision affirming Wyeroski's removal was based "upon substantially more evidence . . . than the testimony of [Martin] alone." Accordingly, the Board found lack of good cause and dismissed the petition as untimely filed.

This court's scope of review of Board decisions is defined and limited by statute. 5 U.S.C. § 7703(c). "The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. DVA, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

In this appeal, Wyeroski first contends that he did not have an opportunity to file a motion or sworn statement because the Board notice directing him to do so was sent by e-mail. We need not address this issue, however, because we, as did the Board, address his argument on the merits. In this regard, Wyeroski primarily rehashes the documents and testimony presented at his removal hearing and argues that the Board should reconsider the case in light of the newly-discovered evidence, which is alleged to impugn Martin's credibility. Br. for Pet'r at 13 ("I ask that this brief, be accepted as my appeal to the MSPB and instruct them to review the appeal transcript and the allegations against me, in lieu of this new evidence against the chief witness against me . . . ."). See generally id. at 3-11. The Board cannot, however, overturn an administrative judge's demeanor-based credibility determinations unless it has "sufficiently sound" reasons. Haebe v. Dep't of Justice, 288 F.3d 1288, 1301 (Fed. Cir. 2001). The Board reviewed Wyeroski's evidence, which related primarily to Martin's misconduct after Wyeroski was removed, and determined that it "d[id] not provide sufficiently sound reasons to overturn the credibility determinations made by the administrative judge who observed the witnesses at the hearing." The Board thus concluded that the evidence was not "of sufficient weight to warrant an outcome different from the initial decision." We have carefully reviewed the record and find no

basis to conclude that the Board in any way abused its discretion in reaching this conclusion.  Consequently, we affirm.

COSTS

No costs.