## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTINE CRATER,

        Appellant,

        v.

DEPARTMENT OF DEFENSE,

        Agency.

DOCKET NUMBER
PH-0752-22-0095-I-1

DATE: February 7, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randolph Elliott, Camp Hill, Pennsylvania, for the appellant.

Steven Richard Dade, Esquire, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the reasons set forth below, the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        Effective January 2, 2022, the agency removed the appellant from her position as a GS-6 Supply Technician based on a charge of failure to report to work on a regular, full-time basis. Initial Appeal File (IAF), Tab 1 at 9-18, Tab 4 at 11. She appealed the agency's removal action to the Board. IAF, Tab 1. Following a hearing on the matter, the administrative judge issued an initial decision on April 29, 2022, affirming the removal and finding that the appellant failed to prove her claim of disability discrimination. IAF, Tab 18, Initial Decision (ID) at 1, 7-9. The administrative judge notified the appellant that the initial decision would become final on June 3, 2022, unless a petition for review was filed by that date. ID at 10.

¶3        On June 6, 2022, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. In the petition, the appellant challenges the merits of the agency's removal action by arguing, among other things, the following: (1) her attendance had improved prior to her removal; (2) she was an outstanding performer; and (3) the administrative judge mischaracterized the nature of her absences. *Id.* at 4-5. The appellant's nonattorney representative, who has filed the petition for review on her behalf, also states as follows: "It must be stated for the record that I the Appellant's representative was TDY at Tinker Air Force Base in Oklahoma City, OK., from 4/29/2022 thru 5/6/2022, and was unavailable to file this appeal for Appellant before the deadline." *Id.* at 5 (grammar and punctuation in original). The agency has not responded to the appellant's petition for review.

¶4        On June 7, 2022, the Office of the Clerk of the Board notified the appellant that her petition for review was untimely and explained that she must file a motion asking the Board to accept the petition for review as timely and/or to

waive the time limit for good cause. PFR File, Tab 2 at 1-2. The appellant did not respond.

## ANALYSIS

¶5     A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the appellant indicates in her petition for review that she did not receive the initial decision until "5/6/2022 12:00:00 AM." PFR File, Tab 1 at 3. However, the record reflects that the initial decision was sent to the appellant via email on the day it was issued, i.e., April 29, 2022. IAF, Tab 19 at 1. Board documents served electronically on registered e-filers are deemed received on the date of the electronic submission. 5 C.F.R. § 1201.14(m)(2); IAF, Tab 1 at 2. The appellant therefore received the initial decision on April 29, 2022; accordingly, her petition for review is untimely by 3 days. PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

¶6     The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

¶7    We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review.  Although the appellant is not represented by a licensed attorney and her 3-day delay is not especially lengthy, the Board will waive its filing time limit only upon a showing of good cause.  *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (declining to waive the filing time limit for a 3-day filing delay when the appellant failed to show good cause for the delay).  Here, the appellant has failed to make such a showing; indeed, she failed to respond to the notice affording her the opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause.  *See Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007) (finding that the appellant failed to show good cause for his 1-day delay in filing his petition for review when he failed to respond to the notice instructing him to establish good cause for the untimely filing).

¶8    As discussed above, in her petition for review, the appellant argues the merits of her appeal.  PFR File, Tab 1 at 4-5.  These arguments, which are not based on any new or previously unavailable evidence, do not establish good cause for the untimeliness of her petition.  *See Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of his Board appeal).  Additionally, as discussed, the appellant's nonattorney representative vaguely asserts that he was "unavailable" because he was in a "TDY"[2] status in Oklahoma City, Oklahoma; however, he provides no explanation as to how or why this status precluded him from timely filing a

---

[2] We surmise that the appellant is referring to a "temporary duty" status.  *See Marable v. Department of the Army*, 52 M.S.P.R. 622, 624 (1992) (using "TDY" as an abbreviation for "temporary duty").

petition for review or seeking an extension of time within which to do so.[3]  PFR File, Tab 1 at 5; *see Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶ 7 (2008) (explaining that personal difficulties do not constitute good cause for a filing delay in the absence of a specific showing of how they affected the appellant's ability to timely file a petition or a request for an extension of time); *see also Kinan v. Department of Defense*, 89 M.S.P.R. 407, ¶ 6 (2001) (explaining that the appellant's vague assertion that he experienced "difficulty and hardship" did not establish good cause for his filing delay).

¶9      Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[3] The Board has routinely held that appellants are responsible for the actions and inactions of their chosen representatives.  *See, e.g.*, *Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987).  Indeed, an appellant has a personal duty to monitor the progress of her appeal and not leave the matter entirely to her representative.  *See Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 12 (2008).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.