# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LENORA BONDS,<br>        Appellant, | DOCKET NUMBER<br>CH-0752-18-0246-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND<br>    URBAN DEVELOPMENT,<br>        Agency. | DATE: April 3, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lenora Bonds, Chicago, Illinois, pro se.

Christopher C. Ligatti, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant from her position as a GS-7 Equal Opportunity Assistant.  Initial Appeal File (IAF), Tab 1 at 8-12, Tab 6 at 32, 34, 36-40, 48-58, 106-16.  She appealed her removal to the Board, and the parties subsequently reached an agreement to settle the appeal.  IAF, Tabs 1, 13.  In a May 3, 2018 initial decision, the administrative judge entered the settlement agreement into the record for purposes of enforcement by the Board and dismissed the appeal as settled.  IAF, Tab 14, Initial Decision (ID) at 1-2.  The administrative judge notified the appellant that the initial decision would become final on June 7, 2018, unless a petition for review was filed by that date.  ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On August 20, 2018, the appellant mailed to the Board a letter addressed to both agency counsel and the Equal Employment Opportunity Commission (EEOC); the body of the letter stated that the submission constituted a "Conjunction Settlement Agreement for Relief."  Petition for Review (PFR) File, Tab 1.  Thereafter, the Clerk of the Board requested that the appellant provide clarity as to whether her submission constituted a petition for review or whether she was providing the Board with a copy of an EEOC filing.  PFR File, Tab 2 at 1.  The appellant confirmed that her August 20, 2018 submission constituted a petition for review of the initial decision.  PFR File, Tab 3 at 1.  The Clerk of the Board subsequently notified the appellant that her petition for review was untimely and explained that she must file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause.  PFR File, Tab 4 at 1-2.  The appellant responded, asking the Board to excuse her late filing because, among other things, she "did not receive the initial decision within 5 days of its issuance."  PFR File, Tab 5 at 2.  The agency has responded in opposition to the appellant's petition for review, arguing that it is untimely

with no good cause shown and that the appellant has not shown a basis for disturbing the initial decision. PFR File, Tab 6.

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on May 3, 2018, and sent to the appellant via U.S. mail the same day. IAF, Tab 15 at 1. The appellant avers that she did not receive the initial decision within 5 days of its issuance; however, she fails to indicate the date on which she did receive the initial decision. PFR File, Tab 5 at 2. Of note, the appellant's petition for review contains a handwritten notation of "5/30/18," suggesting that the appellant received the initial decision on or before May 30, 2018, in which case, her petition for review was due no later than June 29, 2018. PFR File, Tab 1 at 1; *see* 5 C.F.R. § 1201.114(e). As she did not file her petition for review until August 20, 2018, her submission is untimely by at least 52 days. PFR File, Tab 1 at 3.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

In her motion for the Board to accept her untimely filed petition for review, the appellant seemingly alleges that she provided various documents associated with her petition to the agency in lieu of the Board. PFR File, Tab 5 at 2. However, an appellant's failure to follow explicit filing instructions generally does not constitute good cause for an ensuing delay, and we find no indication that the appellant mistakenly sent a petition to another entity within the time limit. *See Tress v. Office of Personnel Management*, 109 M.S.P.R. 126, ¶ 5 (2008). Accordingly, the appellant's assertion in this regard is unavailing.

In her petition for review, the appellant appears to allege that the agency should pay her an additional $57,000 because she is ineligible for social security benefits until next year. PFR File, Tab 1 at 1-2. To this end, she suggests that she was unaware of her ineligibility for benefits until after she executed the settlement agreement. *Id*. However, the appellant's allegations in this regard relate to information of which she was aware, or could have been aware, at the time she entered into the agreement; her apparent misunderstanding does not constitute good cause for her delay. *See Ford v. Department of Veterans Affairs*, 99 M.S.P.R. 338, ¶ 7 (2005) (explaining that the appellant's claimed misunderstanding of, or dissatisfaction with, the terms of a settlement agreement did not constitute good cause for her filing delay).

In a similar vein, the appellant also suggests that, at some point, the agency offered her $20,000 instead of $2,000. PFR File, Tab 1 at 2. To the extent she contends that the agency fraudulently induced her to sign the settlement agreement based on this alleged offer, we note that the executed settlement agreement clearly states that the appellant would receive a lump sum of "two-thousand dollars ($2,000.00)." IAF, Tab 13 at 4. Additionally, she appears to concede in her petition for review that the parties' signed agreement did, in fact, state $2,000. PFR File, Tab 1 at 2. This argument appears to be based on information previously available to the appellant such that she could have timely filed a petition for review on this basis. *See Wilson v. General Services*

*Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he failed to show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed).

The appellant further contends that, during the pendency of her initial appeal, agency counsel intimidated her. PFR File, Tab 1 at 1. However, as she provides no explanation as to why she could not have timely raised such allegations against counsel, the appellant again fails to show good cause for her delay in filing. *See Wilson*, 15 M.S.P.R. at 47. The appellant has not alleged, and we do not discern, any alternate basis for finding good cause for her untimely filed petition for review. PFR File, Tabs 1, 3, 5.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of her removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
                Gina K. Grippando
                Clerk of the Board

Washington, D.C.