## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ESMEREHILDO G. PARDO,
              Appellant,

       v.

DEPARTMENT OF HOMELAND
    SECURITY,
              Agency.

DOCKET NUMBER
DA-0432-16-0114-I-1

DATE: April 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christina Borgobello</u>, Esquire, <u>Joshua N. Archer</u>, Esquire, and <u>Nathan M. Rymer</u>, Esquire, Houston, Texas, for the appellant.

<u>Daniel N. Vara, Jr.</u>, Esquire, Coral Springs, Florida, for the appellant.

<u>Judith Homich</u>, Esquire, Tampa, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his demotion. For the reasons set forth below, the appellant's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant filed an appeal of the agency's action demoting him for unacceptable performance from the position of Supervisory Immigration Services Officer, GS-1801-14, to the position of Immigration Services Officer III, GS-1810-13, effective November 15, 2015. Initial Appeal File (IAF), Tab 1, Tab 8 at 17-20, 151-56. After holding a hearing, the administrative judge issued a March 8, 2017 initial decision in which she found that the agency established the unacceptable performance charge and that the appellant failed to prove his affirmative defenses of disparate treatment based on his race and sex, and retaliation for prior equal employment opportunity (EEO) activity. IAF, Tab 24, Initial Decision (ID) at 16-22. The administrative judge also found that the appellant failed to establish that the agency violated his due process rights and affirmed the agency's action. ID at 22-25. The initial decision became the Board's final decision when neither party filed a petition for review by April 12, 2017. 5 C.F.R. § 1201.113 (providing that initial decisions generally become final 35 days after issuance absent a petition for review).[2]

On July 6, 2018, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. Because he filed his petition for review more than 35 days after the issuance of the initial decision, the Clerk of the Board gave the appellant notice of the Board's requirement for him to file a motion to either accept the filing as timely or waive the time limit for good cause. PFR File, Tab 2. The appellant filed a Motion to Waive Time Limit for Good Cause, in

---

[2] The initial decision erroneously indicates a finality date of April 17, 2017, which is 40 days past the March 8, 2017 issuance date of the initial decision. ID at 1, 25. Based on the date that the administrative judge issued the initial decision, it became the Board's final decision 35 days later, on April 12, 2017. ID at 1; *see* 5 C.F.R. § 1201.113. The administrative judge's error is of no legal consequence because the difference of 5 days does not affect our finding, below, that the petition for review was untimely filed. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

which he asserts that he had discovered new evidence during the litigation of related Equal Employment Opportunity Commission (EEOC) complaints filed by him and two coworkers. PFR File, Tab 5 at 3. He contended that the evidence, which he set forth in his petition for review, was new, material, and established good cause for the Board to reopen the appeal. *Id.* at 3-4. The agency filed a response in opposition to the appellant's petition for review and motion seeking a waiver of untimeliness, and the appellant replied. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proof with regard to timeliness, which he must prove by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows that he received the initial decision more than 5 days after it was issued, within 30 days of his receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e).

The appellant concedes that his petition for review is untimely. PFR File, Tab 5 at 3. We agree. The record shows that the administrative judge issued his initial decision on March 8, 2017. ID at 1. The appellant alleges that he received the initial decision on March 21, 2017. PFR File, Tab 5 at 3. However, because the appellant and one of his attorneys were e-filers, they are deemed to have received the initial decision on the date of electronic submission, March 8, 2017. IAF, Tab 3 at 2, Tabs 16, 25; *see Palermo v. Department of the Navy*, 120 M.S.P.R. 6, ¶ 3 (2014). Thus, the decision became final 35 days later, on April 12, 2017, when neither party filed a petition for review. 5 C.F.R. § 1201.113. The appellant filed his petition for review on July 6, 2018, making it 451 days late. PFR File, Tab 1.

Because the appellant's explanation for the untimeliness of his petition for review is not submitted in the form of an affidavit or a statement signed under penalty of perjury, it is insufficient to establish the assertions it contains.

PFR File, Tab 1 at 2-13; *see Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 8, *aff'd per curiam*, 253 F. App'x 950 (Fed. Cir. 2007); 5 C.F.R. § 1201.114(f). An attorney who did not represent the appellant below, but does on review, has provided an affidavit with the appellant's motion for waiver of the time limit. PFR File, Tab 5 at 6. However, we do not find this affidavit sufficient. The attorney does not assert that he has any personal knowledge of the relevant facts. *Id.*; *see Anderson v. Government Printing Office*, 55 M.S.P.R. 548, 550 n.1 (1992) (finding that an affidavit that was not based on personal knowledge could not support the facts alleged therein). Further, the "facts" to which he attests are, for the most part, statements that the appellant met his legal burden for waiving the time limit. PFR File, Tab 5 at 3-4. For example, he states without explanation that the appellant "discovered new evidence" based on information obtained during his EEOC litigation and that of his coworkers. *Id.* at 3. As another example, he asserts that the "evidence could not have reasonably been discovered" during the proceedings below. *Id.* at 4.

Even assuming the appellant's unsworn assertions were sufficient to satisfy the Board's regulations at 5 C.F.R. § 1201.114(f), he has failed to establish good cause for the filing delay in this case. The discovery of new evidence may establish good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Wyeroski*, 106 M.S.P.R. 7, ¶ 9. The appellant's petition for review asserts that new evidence establishes that the testimony of the individuals who proposed and decided his demotion is not credible. He offers the following evidence: an undated "brief rationale for finding of discrimination" that he asserts was completed by the administrative judge in his EEOC case, reflecting the administrative judge's belief that agency witnesses, including the officials proposing and deciding the appellant's demotion, were not credible; a decision in a coworker's EEOC case finding, in pertinent part, that the proposing and

deciding officials retaliated against the coworker for his prior EEO activity; a second coworker's statements from his own Board appeal that the deciding official retaliated against the appellant for his EEO activity; and excerpts of the testimony of the proposing and deciding officials reflecting that they were reassigned in January 2017. PFR File, Tab 1 at 14-52. This evidence, which is offered merely to impeach witnesses' credibility, generally is not considered new and material. *Wyeroski*, 106 M.S.P.R. 7, ¶ 9.

Further, at the hearing in the instant appeal, the administrative judge observed the testimony of the proposing and deciding official. She found that they credibly denied that they were motivated by discrimination or retaliation based on their demeanor. ID at 21. She also considered and discussed the testimony of the appellant's two coworkers in her initial decision. ID at 17-18. We must give deference to the administrative judge's credibility determinations because they were based, explicitly and implicitly, on her observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's "new" evidence is not a "sufficiently sound" reason to disturb these findings. *See id.*; *Wyeroski*, 106 M.S.P.R. 7, ¶¶ 3, 9 (determining that an appellant's evidence of subsequent misconduct by the individual who removed him was insufficient to overturn the administrative judge's post-hearing credibility findings).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's appeal of his November 15, 2015 demotion.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.