**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK BENSON,<br>           Appellant, | DOCKET NUMBER<br>AT-0752-18-0072-I-1 |
|     v. | |
| DEPARTMENT OF THE NAVY,<br>           Agency. | DATE: June 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark Benson, Metairie, Louisiana, pro se.

Trevor Davies, Esquire, Bremerton, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant from his position as a GS-11 Quality Assurance Specialist (Shipbuilding). Initial Appeal File (IAF), Tab 4 at 26-34. He appealed his removal to the Board, and the parties subsequently reached an agreement to settle the appeal. IAF, Tabs 1, 19. In a February 20, 2018 initial decision, the administrative judge entered the settlement agreement into the record for purposes of enforcement by the Board, and she dismissed the appeal as settled. IAF, Tab 20, Initial Decision (ID) at 1-2. The administrative judge notified the appellant that the initial decision would become final on March 27, 2018, unless a petition for review was filed by that date. ID at 3.

On August 23, 2019, the appellant electronically filed a pleading with the Board. Petition for Review (PFR) File, Tab 1. During a telephone call with the Office of the Clerk of the Board on this same day, the appellant confirmed that his submission constituted a petition for review of the initial decision, not a petition for enforcement. PFR File, Tab 2 at 1 n.*. The Acting Clerk of the Board then notified the appellant that his petition for review was untimely filed and she explained that, as a result, he must file a motion asking the Board to accept the petition for review as timely and/or to waive the time limit for good cause. *Id*. at 1-2. The appellant did not respond. The agency has responded in opposition to the appellant's petition for review, arguing that it is untimely filed with no good cause shown for the delay and that the appellant has not shown a basis for disturbing the initial decision. PFR File, Tab 4 at 4-15.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on February 20, 2018, and sent to the appellant via U.S. mail the same

day. ID at 1; IAF, Tab 21 at 1. The appellant does not allege that he did not receive the initial decision within 5 days of its issuance; thus, his petition for review was untimely filed by approximately 17 months. ID at 3; PFR File, Tab 1 at 9.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

Here, we find that the appellant fails to show good cause for his delay in filing. The appellant's failure to address the timeliness of his petition for review and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness). Moreover, his 17-month delay in filing is significant. *See Smith v. Department of the Army*, 110 M.S.P.R. 50, ¶ 10 (2008) (finding a 15-month delay significant); *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a 6-month delay not minimal).

In his petition for review, the appellant alleges that he did not understand the terms of the parties' settlement agreement because "the union lawyer" failed to explain the agreement to him. PFR File, Tab 1 at 3. To this end, it appears that he thought he would receive "[m]edical [d]isability" payments pursuant to the agreement. *Id.* The appellant's allegations in this regard relate to information of which he was aware, or could have been aware, at the time he entered into the agreement; his apparent misunderstanding does not constitute good cause for his delay. *See Ford v. Department of Veterans Affairs*, 99 M.S.P.R. 338, ¶ 7 (2005) (explaining that the appellant's claimed misunderstanding of, or dissatisfaction with, the terms of a settlement agreement did not constitute good cause for her filing delay).

The appellant also provides a copy of a supervisor's statement and a copy of the agency's certification of reassignment and accommodation efforts, which are dated June 22 and July 11, 2018, respectively. PFR File, Tab 1 at 5-8. These documents suggest that, after the parties executed the settlement agreement, the appellant unsuccessfully applied for disability retirement benefits. *Id.* However, the appellant provides no explanation for the delay between the date of these documents and his August 23, 2019 petition for review. Thus, we find that he failed to show that he exercised due diligence in pursuing this matter. *See Harjo v. U.S. Postal Service*, 43 M.S.P.R. 336, 338 (1990) (finding that the appellant failed to exercise due diligence when he submitted documents dated 21 days

before he filed his petition for review, and he provided no explanation for the delay apart from stating that the documents were previously unavailable).[2]

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of his removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] In its response, the agency indicates that the appellant may not have learned that his application for disability benefits was denied until April 2019. PFR File, Tab 4 at 8. However, even assuming that the appellant did not receive the proffered documents or was unaware of the denial of his application for disability retirement until April 2019, we nonetheless find that he failed to exercise due diligence by waiting until August 2019 to file his petition for review. *See Graves v. Department of Veterans Affairs*, 82 M.S.P.R. 38, ¶ 12 (1999) (finding that the appellant failed to show good cause for the late filing of his petition for review when he waited over 1 month after his discovery of alleged evidence of fraud in the settlement before filing a pleading with the Board).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.