## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH C. ANORUO,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-22-0024-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE:  April 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph C. Anoruo</u>, Las Vegas, Nevada, pro se.

<u>Erin L. Collins</u>, Esquire, North Las Vegas, Nevada, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On October 14, 2021, the appellant filed a Board appeal alleging, among other things, that he had sought corrective action from the Office of Special Counsel (OSC) for various agency misdeeds; however, OSC had purportedly mishandled his complaint. Initial Appeal File (IAF), Tab 1 at 5-33. The appellant requested that the Board stay his appeal while OSC considered his request for reconsideration of his complaint. *Id.* at 5-6. The appellant did not provide his OSC complaint, OSC's close-out letter, or any documentation that he submitted to OSC.

On October 18, 2021, the administrative judge issued an order wherein she explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals, and she ordered the appellant to identify his claims and to provide specific evidence and argument related thereto not later than October 28, 2021. IAF, Tab 4 at 1-9. The appellant did not respond; instead, on November 28, 2021, he filed a motion requesting that his appeal be stayed "pending the resolution of [an] accepted request for reconsideration of [an] OSC decision [issued on August 11, 2021]." IAF, Tab 8 at 4. In this filing, the appellant averred that he had not seen the administrative judge's October 18, 2021 order until November 28, 2021, because of various "unavoidable circumstances," including a family "hospitalization event" and his pursuit of other litigation. *Id.*

The administrative judge denied the appellant's request on November 29, 2021, IAF, Tab 9 at 1-2,[2] and, on December 9, 2021, she issued an initial decision dismissing the matter for lack of jurisdiction, IAF, Tab 10, Initial Decision (ID) at 1, 7. In so doing, the administrative judge explained that it was unclear as to what issues the appellant raised with OSC and, therefore, the appellant had failed to show what, if any, claims he had exhausted. ID at 5-6. The administrative

---

[2] In her order denying the request, the administrative judge provided the appellant additional time, until December 6, 2021, to respond to her order regarding jurisdiction and/or a motion to dismiss that the agency had filed on November 9, 2021. IAF, Tab 9 at 2. The appellant did not respond to either filing.

judge notified the appellant that the initial decision would become final on January 13, 2022, unless a petition for review was filed by that date. ID at 7.

On January 19, 2022, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1.[3] In his petition, the appellant asserts, among other things, that he did not receive the initial decision until January 19, 2022, because of "home computer e-mail issues." *Id.* at 4. He also references car trouble and unspecified "[COVID]-19 related issues," and avers that both the OSC attorney assigned to his case and the administrative judge were under "undue influence." *Id.* at 4-5, 7. With his petition, the appellant provides email correspondence with the Office of the Clerk of the Board suggesting that, in October 2021, he experienced difficulties submitting an attachment with a Board filing. *Id.* at 8-11.

The Office of the Clerk of the Board notified the appellant that his petition for review was untimely and explained that he must file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1. The appellant thereafter filed a motion requesting that the Board waive the time limit for good cause. PFR File, Tab 3 at 4-6. In so requesting, the appellant seemingly asserts, among other things, that, on January 19, 2022, he experienced car problems, which caused him to "suspect[] imminent danger" and prompted him to log into the "MSPB portal for the first time since November 2021" and see that an initial decision had been issued. *Id.* at 4. He also asserts that he was "encumbered with [an American Federation of Government Employees (AFGE)] grievance compliant" and other "[COVID]-19 associated problems, kids and family school preparation and holiday," which caused him to be "out of work for about 3-4 weeks." *Id.* at 4 & n.2 (grammar in original). With his motion, the appellant provides documents related to his AFGE grievance and his car troubles. *Id.* at 7-13, 15-17.

---

[3] The appellant's ostensible petition, however, was entitled "NOTICE OF PETITION FOR REVIEW," and indicated that the appellant would "be submitting a petition for review on or before 2/18/2022 or as may be ordered by [the] Board." PFR File, Tab 1 at 4, 7.

He also provides an email indicating that OSC issued a "final decision to close [his] case" on January 18, 2022. *Id.* at 14. The agency has responded to the appellant's petition for review, arguing that the appellant "has a lengthy history of missing deadlines and blaming his email account and/or general family issues" and that, as a registered e-filer, the appellant consented to accept electronic service of pleadings. PFR File, Tab 5 at 4-5. The appellant has filed a reply contending, among other things, that the initial decision went to his junk email folder. PFR File, Tab 6 at 5. With his reply, the appellant provides a screen shot of his email inbox and email correspondence with agency officials regarding his requests for annual leave for 3 days in January 2021.[4] *Id.* at 10-12.

## ANALYSIS

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on December 9, 2021, and electronically sent to the appellant the same day. IAF, Tab 11 at 1. Documents served on registered e-filers are deemed received on the date of electronic submission; thus, the appellant's petition for review is untimely by 6 days. PFR File, Tab 1; *see* 5 C.F.R. § 1201.14(m)(2) (2021).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances

---

[4] Following the submission of his reply, the appellant filed a motion requesting to submit a "brief and supporting documents" in support of his petition for review. PFR File, Tab 7 at 4-5. The motion, however, neither identifies what the appellant seeks to submit nor explains why he was unable to submit the unidentified evidence/argument before the close of the record on review. *See* 5 C.F.R. § 1201.114(k). Accordingly, we deny the motion.

of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. Although the appellant is pro se and his 6-day delay is not especially lengthy, we find the appellant's explanations for his untimeliness unpersuasive. As a registered e-filer, the appellant consented to accept all documents issued by the Board in electronic form and to monitor case activity at e-Appeal to ensure that he had received all case-related documents; indeed, he was responsible for ensuring that email from @mspb.gov was not blocked by filters. IAF, Tab 1 at 2; *see Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 7 (2009) (finding that the appellant failed to show that he exercised due diligence in monitoring his case as a registered e-filer); *see also* 5 C.F.R. § 1201.14(j)(2)-(3) (2021). Moreover, the appellant's vague assertions regarding his family and a holiday do not provide a basis for waiver of the filing deadline.[5] *See Fields v. U.S. Postal Service*, 56 M.S.P.R. 78, 80 (1992) (explaining that general family difficulties do not constitute good cause for

---

[5] The appellant's assertions regarding unspecified "[COVID]-19 associated problems" are similarly unavailing. PFR File, Tab 3 at 4. Indeed, in notifying the appellant that his petition was untimely, the Office of the Clerk of the Board explained that, to the extent the appellant was alleging that his health affected his ability to meet filing deadlines, he must do the following: (1) identify the time period during which he suffered from the illness; (2) submit medical or other evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition for review. PFR File, Tab 2 at 7 n.1. The appellant did not provide this information.

waiver of the deadline for filing a petition for review). Accordingly, we find that the appellant has failed to show good cause for his delay, and we decline to excuse the same. *See Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review when the pro se appellant failed to show good cause for the same).

To the extent the appellant's filings dispute the administrative judge's jurisdictional conclusion or pertain to the merits of his IRA appeal, we find that a different outcome is not warranted. *See Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of the agency's removal action). Indeed, the appellant does not allege, and nothing in his filings on review suggests, that any of the new evidence that he provides on review challenges the initial decision; rather, the appellant seemingly provides this evidence to support his unpersuasive claim that good cause exists for his untimeliness.[6] *Cf. Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1363 (Fed. Cir. 2010) (directing the Board to consider whether an appellant diligently filed newly discovered evidence related to a claim of agency fraud with the Board).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's IRA appeal.

---

[6] As stated, the appellant provides a January 18, 2022 email indicating that OSC issued a "final decision to close [his] case." PFR File, Tab 3 at 14. To the extent the appellant argues that this email evinces error with the administrative judge's jurisdictional conclusion, a different outcome is not warranted. Indeed, despite numerous opportunities to do so, the appellant has failed to show what claims he exhausted with OSC. Accordingly, the email does not provide a basis to disturb the initial decision. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (explaining that, pursuant to 5 U.S.C. § 1214(a)(3), an IRA appellant must to seek corrective action from OSC before seeking corrective action from the Board, which he may demonstrate proof of through his initial OSC complaint, evidence that he amended his initial complaint, and his written correspondence with OSC).

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.