# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK MARADE,

        Appellant,

    v.

DEPARTMENT OF LABOR,

        Agency.

DOCKET NUMBER
DC-0432-18-0365-I-2

DATE: May 23, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mark Marade</u>, Chesapeake, Virginia, pro se.

<u>Rolando N. Valdez</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective February 9, 2018, the agency removed the appellant from his position as a GS-12 Economist. *Marade v. Department of Labor*, MSPB Docket No. DC-0432-18-0365-I-1, Initial Appeal File (IAF), Tab 1 at 3-14, Tab 5 at 13. He appealed his removal to the Board, and the parties subsequently reached an agreement to settle the appeal. IAF, Tab 1; *Marade v. Department of Labor*, MSPB Docket No. DC-0432-18-0365-I-2, Refiled Appeal File (RAF), Tab 5. In a November 26, 2018 initial decision, the administrative judge entered the settlement agreement into the record for purposes of enforcement by the Board, and she dismissed the appeal as settled. RAF, Tab 6, Initial Decision (ID) at 1-2. The administrative judge notified the appellant that the initial decision would become final on December 31, 2018, unless a petition for review was filed by that date. ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On October 1, 2019, the appellant filed a petition for review with the Board. Petition for Review (PFR) File, Tab 1.[2] In his petition, the appellant contends that the settlement agreement erroneously informed him that the deadline by which he needed to apply for disability retirement benefits with the Office of Personnel Management (OPM) was February 18, 2019. PFR File, Tab 2 at 3-4. The appellant asserts that he applied for disability retirement benefits prior to this date but that OPM denied his application as untimely because it was not filed by February 8, 2019. *Id.*

Thereafter, the Office of the Clerk of the Board notified the appellant that his petition for review was untimely and explained that he must file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause. PFR File, Tab 3 at 2. The appellant did not respond.

[2] On October 5, 2019, the Office of the Clerk of the Board contacted the appellant and informed him that his petition for review was partially illegible. PFR File, Tab 3 at 1. Later that same day, the appellant filed a supplementary, legible petition for review. PFR File, Tab 2.

The agency has responded to the appellant's petition for review, arguing that it is untimely with no good cause shown and that the appellant has not shown a basis for disturbing the initial decision. PFR File, Tab 4 at 4-10. Specifically, the agency contends that, although the settlement agreement contained a typographical error, i.e., it stated that the appellant must file an application for disability retirement benefits not later than February 18, 2019, in lieu of February 8, 2019, this error was readily apparent to the appellant, and, in any event, he did not show that the error resulted in the denial of his application for disability retirement under the Federal Employees' Retirement System (FERS). *Id.* at 4, 7-10.

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on November 26, 2018, and sent to the appellant via U.S. mail the same day. RAF, Tab 7 at 1. The appellant does not allege that he did not receive the initial decision within 5 days of its issuance; accordingly, his petition for review is untimely by approximately 9 months. PFR File, Tabs 1-2; *see* 5 C.F.R. § 1201.114(e).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows

a causal relationship to his inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. His 9-month delay in filing is significant. *See, e.g.*, *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a 6-month delay not minimal); *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal). The appellant's pro se status alone does not excuse his significant filing delay. *See Dean*, 100 M.S.P.R. 556, ¶ 5. Moreover, the appellant provides no explanation for his late filing despite being given an opportunity to do so. The appellant's failure to address the timeliness of his petition for review and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he did not respond to the Clerk's notice regarding timeliness).

Moreover, the argument contained in the appellant's petition for review and supplement does not establish good cause for his untimeliness.[3] The appellant appears to contend that he was unaware that the settlement agreement set forth the incorrect date by which he needed to file his application for FERS disability benefits until OPM denied his application as untimely. PFR File, Tab 2 at 3-4. To the extent the appellant is alleging that his unawareness in this regard

---

[3] The appellant asserts that he applied for disability benefits. PFR File, Tab 2 at 3-4. In response, the Office of the Clerk of the Board explained that, to the extent he was alleging that his health impacted his ability to meet filing deadlines, he needed to provide additional information. PFR File, Tab 3 at 7 n.1. The appellant did not respond. Thus, we find that he did not demonstrate good cause for his untimely filing on the basis of illness, or mental or physical capacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

constitutes good cause for his delay in filing, we find his assertion unavailing. Here, the appellant's employment with the agency ended on February 9, 2018,[4] IAF, Tab 5 at 13, and the contested provision of the settlement agreement stated as follows, "Appellant understands that he may apply to [OPM] for [disability retirement under FERS] up to *one (1) year from the date of his separation* from [the agency] (i.e., no later than Tuesday, *February 18, 2019*)," RAF, Tab 5 at 5 (emphasis added). Thus, the error in the settlement agreement was readily discoverable, and his allegations relate to information of which he was aware, or could have been aware, at the time he entered into the agreement. *See Wilson v. General Services Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he did not show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed).

Moreover, even assuming that the error was not readily discoverable by the appellant prior to the close of the record, the appellant does not explain when OPM denied his application, i.e., he did not allege when he learned of the "new and material" evidence. PFR File, Tab 2 at 3-4. Thus, we are unable to ascertain whether he acted promptly upon discovery of the same.[5] For this reason, we find that he has not established good cause for the late filing of his petition for review. *See Robinson v. Veterans Administration*, 33 M.S.P.R. 483, 486-87 (1987) (finding that the appellant did not show good cause for his untimeliness when he did not verify when he learned of the existence of his allegedly new and material evidence).

---

[4] To this end, the settlement agreement lists the dates of the appellant's employment with the agency as July 2, 2000, through February 9, 2018. RAF, Tab 5 at 7.

[5] Here, the agency's opposition to the appellant's petition for review placed the appellant on notice of his need to provide additional information about the timing and basis of OPM's alleged decision; however, he did not file a reply with additional detail. PFR File, Tab 4 at 6, 9-10; *see Cabarloc*, 112 M.S.P.R. 453, ¶ 9.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of his removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 　　　　　_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.