# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DARRYL S. PHILLIPS,<br>Appellant, | DOCKET NUMBER<br>SF-0752-19-0527-I-1 |
| v. | |
| GENERAL SERVICES<br>ADMINISTRATION,<br>Agency. | DATE: July 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John K. Fu, Esquire, Burbank, California, for the appellant.

Deborah Finch, Esquire, and Keaton Norquist, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal pursuant to 5 U.S.C. chapter 75. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

Effective May 31, 2019, the agency removed the appellant from his position as a GS-12 Building Manager for false and misleading statements. Initial Appeal File (IAF), Tab 9 at 13, 15-22, 43-49.  He appealed his removal to the Board.  IAF, Tab 1.  Following a hearing on the matter, the administrative judge issued an October 22, 2019 initial decision finding that the agency proved its charge by preponderant evidence and sustaining the appellant's removal.  IAF, Tab 25, Initial Decision (ID) at 13, 16.  The administrative judge notified the appellant that the initial decision would become final on November 26, 2019, unless a petition for review was filed by that date.  ID at 16.

On December 2, 2019, the appellant filed a petition for review with the Western Regional Office, which was thereafter forwarded to the Office of the Clerk of the Board.  Petition for Review (PFR) File, Tab 1 at 1, 50, Tab 2 at 1. In his petition, the appellant alleges that the agency failed to prove its charge and he disagrees with many of the administrative judge's findings of fact.  PFR File, Tab 1 at 2-7.  The appellant also provides documentary evidence, the majority of which was not included in the record before the administrative judge.  *Id*. at 8-49.

The Office of the Clerk of the Board notified the appellant that his petition for review was untimely and explained that he must file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause.  PFR File, Tab 2 at 2.  The appellant did not respond.  The agency has responded to the appellant's petition for review, arguing that it is untimely filed and that the appellant failed to file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause. PFR File, Tab 3 at 4.  The agency also addresses the appellant's arguments and

additional documentary evidence, and it contends that the appellant has not shown a basis for disturbing the initial decision. *Id*. at 4-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on October 22, 2019 and sent to the appellant via U.S. mail the same day. IAF, Tab 26 at 1. The appellant does not allege that he did not receive the initial decision within 5 days of its issuance; accordingly, his petition for review is untimely by 6 days.[2] PFR File, Tab 1 at 50; *see* 5 C.F.R. § 1201.114(e).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

---

[2] Although the appellant erroneously filed his petition for review with the Western Regional Office, PFR File, Tab 1 at 50, the Board treats such a submission as filed with the Board on the date it was filed with the regional office, *Melendez v. Department of Veterans Affairs*, 73 M.S.P.R. 1, 3 n.1 (1996).

We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. Although the appellant is pro se[3] and his 6-day delay is not especially lengthy, the appellant provides no explanation for his late filing despite being given an opportunity to do so. The Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal and the appellant is pro se. *See, e.g., Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review when the pro se appellant failed to show good cause for the delay). The appellant's failure to address the timeliness of his petition for review and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness).

Moreover, the appellant does not address his filing delay in his petition for review; instead, he challenges the merits of the agency's removal action and he provides additional documentary evidence in support of his merits-based arguments. PFR File, Tab 1 at 2-49; *see Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of the agency's removal action). To this end, the appellant does not allege, and nothing in his petition for review suggests, that the documents he provides on review constitute new evidence that was unavailable to him prior to the close of the record. *See Agbenyeke v. Department of Justice*, 111 M.S.P.R. 140, ¶ 12 (2009) (explaining that the discovery of new evidence may establish good cause

---

[3] The appellant was represented by an attorney before the administrative judge; however, he appears to have filed his petition for review without the assistance of counsel. IAF, Tab 1 at 6; PFR File, Tab 1.

for the untimely filing of a petition for review if, among other things, the evidence was not readily available before the close of the record). Indeed, all of the appellant's arguments appear to be based on information previously available to him such that he could have timely filed a petition for review on these bases.[4] *See Wilson v. General Services Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he failed to show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Nearly all of the documents that the appellant provides with his petition for review predate the initial decision. PFR File, Tab 1 at 14-37, 40-49; *see Alexander v. Department of Veterans Affairs*, 90 M.S.P.R. 591, ¶ 8 (2002) (finding that documents that were available before the issuance of the initial decision were not new evidence establishing good cause for the untimely filing of a petition for review). The only documents that the appellant provides that postdate the initial decision are a job posting dated November 5, 2019, which the appellant apparently provides to show that a "similar" Federal position allowed applicants "to substitute experience with education," and two affidavits regarding his work history. PFR File, Tab 1 at 2-3, 8-13, 38-39. However, the appellant has not shown that the information contained in these documents was unavailable prior to the finality date of the initial decision. Thus, we find that the appellant has not shown good cause for his filing delay based on these documents.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.