# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBRA J. LUBERT,
         Appellant,

    v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
PH-3443-19-0069-I-1

DATE:  July 18, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debra J. Lubert</u>, Northumberland, Pennsylvania, pro se.

<u>Lori A. Markle</u>, Esquire, and <u>Roderick Eves</u>, St. Louis, Missouri,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her retirement benefits appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On November 27, 2018, the appellant filed a Board appeal indicating that she had "purchased [her] military time in 2008" but was not given credit for this time for purposes of her retirement benefits under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 1 at 3. The appellant requested a hearing on the matter. *Id*. at 2. Without holding the appellant's requested hearing, the administrative judge issued a February 14, 2019 initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 4. In so doing, the administrative judge found, among other things, that the agency, the appellant's former employer, was not a proper party to the appeal. ID at 4. The administrative judge notified the appellant that the initial decision would become final on March 21, 2019, unless a petition for review was filed by that date. ID at 5.

On February 13, 2020, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. In her petition, the appellant states that she is making "a sympathetic plea . . . asking for review due to family medical emergency problems." *Id*. at 3. She also avers that she "did not receive emails as stated from the agency." *Id*. The appellant also provides documentary evidence, the majority of which was not included in the record before the administrative judge. *Id*. at 5-17.

The Office of the Clerk of the Board notified the appellant that her petition for review was untimely and explained that she must file a motion asking the Board to accept the petition for review as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. The appellant did not respond. The agency has responded to the appellant's petition for review, arguing that it is untimely filed and that she has not shown good cause for her untimeliness. PFR File, Tab 3 at 4-6.

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on February 14, 2019, and served on the appellant via email the same day. IAF, Tab 12 at 1. The appellant does not allege that she did not receive the initial decision within 5 days of its issuance. Accordingly, her petition for review is untimely by approximately 11 months. PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review. Although the appellant is pro se, her 11-month delay in filing is significant, and she failed to respond to the notice affording her the opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause. *See Groesbeck v. Office of Personnel Management*, 109 M.S.P.R. 1, ¶ 4 (2008) (finding that the appellant failed to

show good cause when her petition for review was untimely filed by 6 months and she failed to respond to the notice regarding timeliness); *see also Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 9 (2007) (stating that a delay of 9 months is not minimal).

In her petition for review, the appellant asserts that family medical issues contributed to her filing delay; however, this assertion does not establish good cause. PFR File, Tab 1 at 3; *see Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶¶ 5, 7 (2008) (finding that personal difficulties, including ill family members, did not constitute good cause for a filing delay in the absence of a specific showing of how they affected the appellant's ability to timely file a petition or a request for an extension of time). The appellant also contends that she "purchased [her] military time and did not receive proper [retirement] credit;" however, this merit-based contention does not constitute good cause for her untimeliness. PFR File, Tab 1 at 3; *see Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of his Board appeal).

The appellant also provides numerous documents, including emails, with her petition for review. PFR File, Tab 1 at 5-17. However, all of the documents seemingly predate the initial decision, and apart from a vague assertion that she "did not receive" certain emails due to "poor communications," *id*. at 3, she does not allege, and nothing in her petition for review suggests, that the documents constitute new evidence that was unavailable to her prior to the close of the record, *see Agbenyeke v. Department of Justice*, 111 M.S.P.R. 140, ¶ 12 (2009) (explaining that the discovery of new evidence may establish good cause for the untimely filing of a petition for review if, among other things, the evidence was not readily available before the close of the record). Indeed, all of the appellant's arguments appear to be based on information previously available to her such that she could have timely filed a petition for review on these bases. *See Wilson v.*

*General Services Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he failed to show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's retirement benefits appeal.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] On December 19, 2019, the appellant filed a separate Board appeal alleging that the Office of Personnel Management (OPM) had failed to give her credit for her military service for purposes of her retirement under FERS. *Lubert v. Office of Personnel Management*, MSPB Docket No. PH-0841-20-0118-I-1, Initial Appeal File (0118 IAF), Tab 1 at 4-5. Thereafter, on June 5, 2020, OPM issued a redetermination letter, wherein it recalculated the appellant's total Federal service and her annuity. 0118 IAF, Tab 10 at 4. Shortly following these recalculations, the appellant withdrew her appeal. 0118 IAF, Tab 11, Initial Decision at 2.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.